RECEIVED
IN LAKE CHARLES, LA.

JUL 31 2014

TONY R. MOORE, CLERK
BY ______ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARWIN GAUTHIER** | * | **CIVIL ACTION NO. 2:12-CV-535** |
| **Plaintiff** | * | |
| **V.** | * | **JUDGE MINALDI** |
| **ALLEN CORRECTION CENTER MEDICAL DEPARTMENT, ET AL.** | * | |
| **Defendants** | * | **MAGISTRATE JUDGE KAY** |

****************************************************************************

**MEMORANDUM RULING**

Before the court is the Report and Recommendation [Doc. 20] of the Magistrate Judge recommending that the plaintiff's Complaint [Doc. 1] be dismissed, with prejudice, as frivolous and for failing to state a claim pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), to which the plaintiff has filed Objections [Docs. 22 & 25]. For the reasons stated in the Report and Recommendation [Doc. 20], the plaintiff's Complaint [Doc. 1] be and hereby is **DISMISSED, WITH PREJUDICE**, and the court writes briefly only to address the plaintiff's request to amend his complaint.[1]

The Federal Rules of Civil Procedure permit a party to amend a pleading with either the consent of the other party or leave of court. FED. R. CIV. P. 15(a). "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Tuft v. Texas*, 410 Fed. Appx. 770, 773 (5th Cir. 2011) (*citing Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987)). While it is generally improper "for a district court to dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend . . . any such error may be ameliorated if the plaintiff has pleaded his best case." *Cobb v.*

[1] *See* Objections [Doc. 22], at 6.

*Simmons*, 373 Fed. Appx. 469, 470 (5th Cir. 2010) (internal citations omitted). Furthermore, "it is within the district court's discretion to deny a motion to amend if it is futile." *Washington v. Weaver*, No. 08-30392, 2008 U.S. App. LEXIS 25996, at *4 (5th Cir. Nov. 20, 2008) (citation omitted).

The instant plaintiff's Complaint [Doc. 1] was filed on February 23, 2012. On July 23, 2012, the Magistrate Judge granted[2] the plaintiff's Motion to Amend [Doc. 9], and an Amended Complaint [Doc. 11] was entered into the record. On January 21, 2013, the Magistrate Judge granted[3] the plaintiff's second Motion to Amend [Doc. 12], and a second Amended Complaint [Doc. 15] was entered into the record. Thus, the plaintiff has already been granted multiple opportunities to amend his complaint. Moreover, each amended complaint sets forth essentially the same factual allegations as the original complaint. Under the circumstances, the court finds that the plaintiff has set forth his best case, and further amendment would be futile. Accordingly,

**IT IS ORDERED** that the plaintiff's request to further amend his complaint be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Report and Recommendation [Doc. 20], the plaintiff's Complaint [Doc. 1] be and hereby is **DISMISSED, WITH PREJUDICE**.

Lake Charles, Louisiana, this 28 day of July, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] *See* Electronic Order [Doc. 10].
[3] *See* Electronic Order [Doc. 14].